**Frank M. Prindle, trading as Frank M. Prindle & Company, Defendant in Error, v. Arthur E. Sander, trading as Sander, Guernsey & Company, Plaintiff in Error.**

### Gen. No. 22,204.　(Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed June 27, 1917.

### Statement of the Case.

Action by Frank M. Prindle, trading as Frank M. Prindle & Company, plaintiff, against Arthur E. Sander, trading as Sander, Guernsey & Company, defendant, for the purchase price of goods sold and delivered. To reverse a judgment for plaintiff for $812.93, defendant prosecutes this writ of error.

ADAMS, CREWS, BOBB & WESCOTT and GILBERT T. GRAHAM, for plaintiff in error.

SILBER, ISAACS, SILBER & WOLEY, for defendant in error; JAMES D. WOLEY and JAY C. LYTLE, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits is sufficient.* Even though the affidavit of merits in an action in the Municipal Court of Chicago is not clearly and logically drawn, contains immaterial matter and states the amount of damages poorly and weakly, it is sufficient where, on analysis, it sets up a good defense to the whole of plaintiff's claim, sufficiently specifies the nature of such defense and states the damages in such a manner as to render the amount claimed obvious.

2. SALES, § 320*—*what may be set off in action for purchase price.* In an action for the purchase price of goods, defendant may set up that goods were of an inferior grade and not according to the contract nor to the sample.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim is founded on original contract of sale.* A statement of claim which recites that it is for the purchase price of goods sold and delivered to defendant at his request is founded upon the original contract and not upon an account stated.

4. PLEADING—*when action of court in striking affidavit of merits improper.* On review, the action of the trial court in striking an affidavit of merits from the files cannot be sustained on a ground on which the motion to strike was not based.